**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4071**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GUADALUPE RAIGOSA, a/k/a Jose Guadalupe
Solis,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-03-268)

---

Submitted:  July 20, 2005          Decided:  August 12, 2005

---

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant.
Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY,
Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jose Raigosa appeals the 63-month sentence imposed upon his guilty plea to conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, 21 U.S.C. § 846 (2000). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there exist no meritorious grounds for appeal. However, counsel addresses Raigosa's request that he raise an ineffective assistance of counsel claim. Raigosa has filed pro se supplemental briefs, arguing that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 125 S. Ct. 738 (2005). Raigosa also argues that his attorney was ineffective for failing to seek a continuance at sentencing based on his co-defendant's recantation of the testimony implicating Raigosa's role in the offense. For the reasons that follow, we affirm.

The indictment charged Raigosa with conspiring to possess with intent to distribute "in excess of 100 kilograms of marijuana." In addition, Raigosa stipulated in the plea agreement that the quantity of marijuana involved was in excess of 100 kilograms and, at his Fed. R. Crim. P. 11 hearing, admitted that the quantity of marijuana exceeded 100 kilograms. Accordingly, we find no error under Apprendi.

To the extent that Raigosa challenges his sentence under United States v. Booker, we find no error.  At sentencing, the district court assigned a base offense level of 26.  See U.S. Sentencing Guidelines Manual § 2D1.1 (2003).  Three levels were deducted for acceptance of responsibility.  See USSG § 3E1.1(b). The court denied the recommended three-level addition for Raigosa's role in the offense, see USSG § 3B1.1(b), resulting in a total offense level of 23.  With three criminal history points, Raigosa had a criminal history category of II.  The guideline range was 51-63 months imprisonment; however, the statutory minimum sentence was 60 months.  See 21 U.S.C. § 841(b)(1)(B)(vii) (2000).  The court imposed a sentence of 63 months, followed by four years of supervised release.  Because Raigosa received no enhancements to his base offense level, there was no error under Booker.

We also find that the district court did not commit plain error in applying the guidelines as mandatory.  In United States v. White, 405 F.3d 208 (4th Cir. 2005), this court held that treating the guidelines as mandatory was error and that the error was plain. Id. at 216-17.  We declined to presume prejudice, however, id. at 217-18, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error."  Id. at 223 (internal quotation marks and citations omitted).  To make this showing, a defendant

- 3 -

must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because the record in White provided no nonspeculative basis suggesting that the court would have sentenced the defendant differently had the guidelines been advisory instead of mandatory, this court concluded that the error did not affect the defendant's substantial rights. Id. at 225.

In sentencing Raigosa, the district court stated that it found the sentence "certainly fair," in light of the higher sentence that Raigosa could have received had he received the three-level addition for his role in the offense. The record contains no nonspeculative basis on which this court could conclude that the district court would have sentenced Raigosa to a lesser sentence had the court proceeded under an advisory guideline regime. See White, 405 F.3d at 223 (finding defendant failed to meet burden of demonstrating actual prejudice where "the district court made certain statements suggesting that it was content to sentence [the defendant] within the guideline range"). Thus, Raigosa has failed to demonstrate that the plain error affected his substantial rights.

Both counsel and Raigosa have raised claims of ineffective assistance of trial counsel. However, ineffective assistance of counsel claims are not appropriately raised on direct

appeal unless it appears conclusively from the record that counsel's performance was ineffective.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999).  Raigosa has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.  Rather, to allow for adequate development of a record, Raigosa must bring this claim, if at all, in a 28 U.S.C. § 2255 (2000) motion.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we grant Raigosa's motion to file his supplemental pro se brief out of time, but we affirm Raigosa's conviction and sentence.  This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>